UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHARLES BROWN,

    Plaintiff,

v.

DEPARTMENT OF CORRECTIONS.,

    Defendant.

Case No. C07-5683FDB

ORDER TO AMEND THE COMPLAINT

    This civil rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B). Plaintiff has been given leave to proceed *in forma pauperis*. Plaintiff challenges his remaining on "Administrative Intensive Management Status" after the infraction that originally placed him in administrative segregation was expunged by the Washington State Court of Appeals (Dkt. # 1, proposed complaint). The only named defendant is the Department of Corrections (Dkt # 1, proposed complaint).

    There are two defects in the complaint. One defect is that the Department of Corrections is not a person. In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the

ORDER PAGE 1

conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

Neither states nor state officials acting in their official capacities are persons for purposes of 42 U.S.C. § 1983. Will v. Michigan Dept. of State Police, 491 U.S. 48, 71 (1989). This rule applies equally to state agencies. See Kaimowitz v. Board of Trustees of the Univ. of Ill., 951 F.2d 765, 767 (7th Cir. 1991); Johnson v. Rodriguez, 943 F.2d 104, 108 (1st Cir. 1991). Because the Department is not a person within the meaning of § 1983, plaintiff has not stated a cause of action against the only named defendant. This defect could be cured by amendment.

The other defect is that plaintiff has no constitutional right to be held in any specific level of custody or at any specific prison. Hewitt v. Helms, 459 U.S. 460, 467-68, (1983): Nor does an inmate have a protected liberty interest in classification. Olim v. Wakinekona, 461 U.S. 238 (1983); Hewitt v. Helms, 459 U.S. 460 (1983): Meachum v. Fano, 427 U.S. 215 (1976). An inmate does not have a right to be free from administrative segregation. Smith v. Noonan, 992 F.2d 987 (9th Cir. 1993).

Thus, being placed in segregation or in an intensive management unit for administrative purposes does not state a cause of action. This is true, even if the transfer results in grievous hardships. Mecham v Fano, 427 U.S. at 224 (1976). The court is not sure if this defect can be cured by amendment or not, however, plaintiff should be given the opportunity to attempt to cure the defect.

Plaintiff is hereby **ORDERED** to file an amended complaint curing the defects listed above. Plaintiff will be given until **January 18, 2008,** to file an amended complaint. The amended complaint will act as a complete substitute for the original complaint. Failure to file an amended complaint that cure the defects in this action will result in a Report and Recommendation that this action be dismissed. That dismissal may count as a strike pursuant to the Prison Litigation Act. 28

ORDER PAGE 2

1 U.S.C. § 1915 (g).

2 The Clerk is directed to send a copy of this Order to plaintiff**, and note the due date
3 for the amended complaint as January 18, 2008.**

5 DATED this 18 day of December, 2007.

                                  */S/ J. Kelley Arnold*
                                  J. Kelley Arnold
                                  United States Magistrate Judge

28 ORDER PAGE 3