UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHARLES D. BROWN,

        Plaintiff,

     v.

SUSAN ERICKSON *et al.*,

        Defendants,

Case No.   C07-5683FDB/JKA

REPORT AND RECOMMENDATION

**NOTED FOR**:
**February 15, 2008**

This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4.  Plaintiff has been granted *in form pauperis* status (Dkt # 3).

## FACTS

Plaintiff complains of being placed in the Intensive Management Unit based on an infraction.  He was given "intensive management status."  His underlying infraction was later expunged by the Washington Court of Appeals, however, he remained on intensive management status for another six months.  While on this status plaintiff could not earn earned time or good time.

The original complaint in this action did not state a cause of action for two reasons. The first reason was that the only named defendant was not a person. Plaintiff has cured this defect by filing an amended complaint

REPORT AND RECOMMENDATION
Page - 1

naming four persons as defendants (Dkt # 7, amended complaint). Plaintiff still attempts to name the Department of Corrections as a defendant as well. The second defect was that plaintiff has no right to be held in any particular prison or at any particular level of custody. In the amended complaint plaintiff argues He could not earn "good time" or "good performance " time which is also known as earned time while on intensive management status (Dkt # 7, page 3). Plaintiff argues he has a liberty interest in not being placed in a status that prevents him from earning a lesser prison sentence (Dkt. # 7).

## STANDARD OF REVIEW

In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

A complaint is frivolous or fails to state a claim when it has no arguable basis in law or fact. Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984). When a complaint is frivolous, fails to state a claim, or contains a complete defense to the action on its face, the court may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C. § 1915(d). Noll v. Carlson, 809 F.2d 1446, 575 (9th Cir. 1987) (*citing* Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984)).

## DISCUSSION

Plaintiff has no right to be held in any particular prison or at any particular custody level. Hewitt v. Helms, 459 U.S. 460, 467-68, (1983)(overruled on other grounds) Olim v. Wakinekona, 461 U.S. 238 (1983). This is true even if the transfer results in a "grievous loss." Meachum v. Fano, 427 U.S. 215 (1976). Further, an inmate does not have a right to be free from administrative segregation. Smith v. Noonan, 992 F.2d 987 (9th Cir. 1993).

Plaintiff misunderstands the difference between earned time which has been earned and credited against a sentence, and the mere potential to earn such a reduction in sentence. Once time has been earned and credited against an inmates sentence, it shortens the sentence. At that point in time the inmate obtains

a liberty interest in the shorter sentence. This liberty interest was recognized by the United States Supreme Court and resulted in the landmark decision of Wolf v Mc Donnell. Wolf v Mc Donnell, 418 U.S. 539 (1974) (Nebraska state law gave the statutory right to earned time).

Until the earned time has been earned and credited against a sentence it is a mere potential, not protected by the due process clause of the Fourteenth Amendment.  The court begins by noting that an inmate has no constitutional right to release before expiration of the sentence. Greenholtz v. Inmates of Nebraska, 442 U.S. 1 (1979).  Further, Washington state courts have not recognized an independent state created interest in amassing early release credits. In Re Galvez, 79 Wash. App. 655 (1995)(inmate placed in administrative segregation need not be given good time credit or a reduction in sentence for the time spent in segregation).  Just as an inmate placed in administrative segregation loses the ability to earn good time or earned time, an inmate placed on intensive management status may also losses this potential.  As the time in question was not earned and credited against a sentence, there is no recognized liberty interest triggering due process protection.  This action fails to state a claim.

The court recommends the action be **DISMISSED WITH PREJUDICE** for failure to state a claim. This dismiss does count as a strike pursuant to 28 U.S.C. 1915 (g).  Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **February 15, 2008,** as noted in the caption.

DATED this 17 day of January, 2008.

/S/ *J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge